**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLEN SEBASTIAN BURNS,

    Petitioner-Appellant,

v.

BERNARD WARNER,

    Respondent-Appellee.

No. 16-35031

D.C. No. 2:14-cv-00850-MJP

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted April 4, 2017
Seattle, Washington

Before: KOZINSKI and W. FLETCHER, Circuit Judges, and TUNHEIM,** Chief
District Judge.

  Petitioner Glen Sebastian Burns appeals from the district court's denial of

habeas corpus on the ground that his confession was coerced and involuntary under

---

  *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.


  **   The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

the Fifth and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we can grant habeas relief to state prisoners only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). The relevant state court decision under AEDPA review is the last reasoned state court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 804-06 (1991). Here, that decision is the Washington State Court of Appeals's decision on direct review of Burns's conviction.

We disagree with Burns's contention that the state court unreasonably applied *Arizona v. Fulminante*, 499 U.S. 279 (1991). Unlike the suspect in *Fulminante*, Burns did not apparently confess in direct response to a credible threat of physical violence. *See id.* at 287-88. In fact, Officer Haslett repeatedly reassured Burns that he would not harm Burns. A reasonable fact finder could conclude that Burns confessed after rationally and deliberately weighing

2

competing alternatives in pursuit of his own goals, which were to destroy incriminating evidence and to join a lucrative criminal enterprise. We therefore conclude that the Washington State Court of Appeals reasonably found that Burns's confession was "the product of an essentially free and unconstrained choice by its maker." *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973).

**AFFIRMED.**